UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

COREY EDWARD FISHERMAN,                        Case No. 17-CV-4348 (DWF/FLN)

            Plaintiff,

v.                                              REPORT AND RECOMMENDATION

RYAN ZINKE,[1] Secretary of the Interior,

            Defendant.

---

In 1996, beneficiaries of Individual Indian Money ("IIM") trust accounts brought a class action against several officers of the federal government alleging that the officials had violated their fiduciary duties as trustees acting on behalf of the Untied States. *See Cobell v. Salazar*, 573 F.3d 808, 809 (D.C. Cir. 2009). The case meandered through the federal courts, *Jarndyce*-like, for a generation. Not until 2011 was final approval given by the district court to a class settlement. *See Cobell v. Salazar*, 679 F.3d 909, 916 (D.C. Cir. 2012). Ancillary matters related to that litigation, such as attorney's-fee disputes, remain pending to this day. *See Cobell v. Jewell*, 234 F. Supp. 3d 126 (D.D.C. 2017).

Fisherman, a Minnesota state prisoner, believes he suffered the same harms that befell the *Cobell* plaintiffs. Fisherman did not pay the filing fee for this action, but instead applied for *in forma pauperis* ("IFP") status. After review of the IFP application, this Court concludes that

---

[1]Fisherman names Kenneth Lee Salazar in his official capacity as United States Secretary of the Interior as defendant to this action. Salazar long ago vacated that office, which is now held by Ryan Zinke. Under Fed. R. Civ. P. 25(d), Zinke is automatically substituted as defendant to this action.

Fisherman qualifies financially for IFP status.[2]  Nevertheless, an action may be dismissed when an IFP applicant has filed a complaint that fails to state a cause of action on which relief may be granted.  *See* 28 U.S.C. § 1915(e)(2)(B)(ii); *Atkinson v. Bohn*, 91 F.3d 1127, 1128 (8th Cir. 1996) (per curiam).  In reviewing whether a complaint states a claim on which relief may be granted, this Court must accept as true all of the factual allegations in the complaint and draw all reasonable inferences in the plaintiff's favor.  *Aten v. Scottsdale Ins. Co.*, 511 F.3d 818, 820 (8th Cir. 2008).  Although the factual allegations in the complaint need not be detailed, they must be sufficient to "raise a right to relief above the speculative level . . . ."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  The complaint must "state a claim to relief that is plausible on its face."  *Id*. at 570.  In assessing the sufficiency of the complaint, the court may disregard legal conclusions that are couched as factual allegations.  *See Ashcroft v. Iqbal*, 556 U.S. 662 (2009).  Pro se complaints are to be construed liberally, but they still must allege sufficient facts to support the claims advanced.  *See Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004).

Fisherman offers no factual allegations that, if proved true, would demonstrate that the federal government has mismanaged any money held in IIM trust for his benefit, or that he is entitled to relief from the federal government for any other reason.  Indeed, Fisherman does nothing more than point to the *Cobell* litigation and suggest that he, too, must have suffered similar harms as those plaintiffs.  *See* Compl. at 6 [ECF No. 1].  But vague gesturing towards

---

[2]Prisoners are required to pay an initial partial filing fee at the commencement of civil litigation in federal court.  *See* 28 U.S.C. § 1915(b).  But Fisherman's IFP application demonstrates that he has no assets and no means by which to pay an initial partial filing fee.  Accordingly, that initial partial filing fee requirement will be waived in this case.  *See* 28 U.S.C. § 1915(b)(4).  Fisherman remains responsible for the $350.00 statutory filing fee, and prison officials will be directed to withdraw funds from Fisherman's prison trust account in satisfaction of that debt in accordance with § 1915(b)(2).

other litigation is hardly sufficient to put the defendant or the Court on notice of the specific allegations being made by Fisherman in *this* lawsuit. Fisherman does not claim that he was the beneficiary of an IIM trust account during the period in question, nor does he set forth allegations demonstrating how governmental officials might have breached fiduciary duties with respect to his IIM trust account.

Even if this Court were to adopt wholesale the allegations set forth in *Cobell* as applying to this litigation, this action could not go forward. *Cobell* was a class action. To the extent that Fisherman's allegations mirror those raised in *Cobell* — and, by all appearances, this is nothing more than a "me too" complaint — his claims have already been adjudicated through approval of the final settlement entered and approved in *Cobell* over six years ago.[3] Fisherman's recourse to relief for the harms litigated in *Cobell* is through presenting a claim through the procedures established by the *Cobell* settlement (an administrative process that remains open presently), not through the filing of a mirroring lawsuit several years after the settlement was finalized and an even greater number of years after the conclusion of the actions and omissions at issue in *Cobell*.

In any event, the allegations of wrongdoing raised in Fisherman's complaint are entirely conclusory. Fisherman claims that government officials "violated their fiduciary duties" without providing anything more than a citation to a different lawsuit in support of his allegation. *See* Compl. at 6. Although Fed. R. Civ. P. 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief," more is required of Fisherman than he has

---

[3]The deadline for opting out of the *Cobell* settlement passed on April 20, 2011. *See Cobell v. Salazar*, No. Civ. No. 96-1285 (TFH), 201 WL 7719672, at *1 (D.D.C. June 17, 2011). There is no evidence before this Court or apparent from the information available from *Cobell* that Fisherman was among the litigants who opted out of the settlement.

provided.  Accordingly, it is hereby recommended that this matter be dismissed without

prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and 28 U.S.C. § 1915A.

RECOMMENDATION

Based on the foregoing, and on all of the files, records, and proceedings herein, IT IS

HEREBY RECOMMENDED THAT:

1.    This matter be DISMISSED WITHOUT PREJUDICE pursuant to 28 U.S.C.

§§ 1915(e)(2)(B)(ii) and 1915A.

2.    Plaintiff Corey Edward Fisherman's application to proceed *in forma pauperis*

[ECF No. 2] be DENIED.

3.    Fisherman pay the unpaid balance of the statutory filing fee for this action

($350.00) in the manner prescribed by 28 U.S.C. § 1915(b)(2), and the Clerk of

Court provide notice of this requirement to the authorities at the institution where

Fisherman is confined.

Dated:  April 16, 2018              *s/Franklin L. Noel*
                                    Franklin L. Noel
                                    United States Magistrate Judge

<u>**NOTICE**</u>

**Filing Objections:**  This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation.  A party may respond to those objections within 14 days after being served a copy of the objections.  LR 72.2(b)(2).  All objections and responses must comply with the word or line limits set forth in LR 72.2(c).